Presentment Date and Time:
January 8, 2015 at 2:00 P.M.

Rakhee V. Patel
Frances A. Smith
**SHACKELFORD, MELTON, McKINLEY & NORTON, LLP**
3333 Lee Parkway, Tenth Floor
Dallas, TX 75219
Telephone:  214.780.1400
Facsimile:   214.780.1401

Sarah Link Schultz
Michael P. Cooley
**AKIN GUMP STRAUSS HAUER & FELD, LLP**
1700 Pacific Avenue, Suite 4100
Dallas, TX  75201-4624
Telephone:     (214) 969-2800
Facsimile:      (214) 969-4343

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| J & B PARTNERS MANAGEMENT LLC, | ) | Case No. [  ] (___) |
| Debtor. | ) | |
| Tax I.D. No. 90-0911366 | ) | |
| In re: | ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF LONG ISLAND HOLDING CO., LLC, | ) | Case No. [  ] (__) |
| Debtor. | ) | |
| Tax I.D. No. 11-3568712 | ) | |
| In re: | ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF | ) | |

206090881 v2

| | | |
|---|---|---|
| NYDMA LLC, | ) | Case No. [  ] (__) |
|     Debtor. | ) ) ) | |
| Tax I.D. No. 45-2107161 | ) | |

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF MASSAPEQUA PARK, LLC, | ) ) ) ) | Case No. [  ] (__) |
|     Debtor. | ) ) ) | |
| Tax I.D. No. 73-1695849 | ) | |

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF MIDDLE ISLAND, LLC, | ) ) ) ) | Case No. [  ] (__) |
|     Debtor. | ) ) ) | |
| Tax I.D. No. 01-0754746 | ) | |

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF SHIRLEY, LLC, | ) ) ) ) | Case No. [  ] (__) |
|     Debtor. | ) ) ) | |
| Tax I.D. No. 20-0953799 | ) | |

206090881 v2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B RESTAURANT PARTNERS OF LONG ISLAND, LLC, | ) ) | Case No. [  ] (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-3568717 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B RESTAURANT PARTNERS OF LONG ISLAND II, LLC, | ) ) | Case No. [  ] (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-3579901 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B REAL ESTATE PARTNERS OF LONG ISLAND, LLC, | ) ) | Case No. [  ] (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-3574550 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B REAL ESTATE PARTNERS OF LONG ISLAND II, LLC, | ) ) | Case No. [  ] (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-3579904 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B RESTAURANT PARTNERS OF NJ, LLC, | ) | Case No. [  ] (__) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-2034102 | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, directing joint administration of their related chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows.

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

4. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of J & B Partners Management, LLC, and that these chapter 11 cases be administered under the caption, as follows:

4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| J & B PARTNERS MANAGEMENT LLC, *et al.*,[1] | ) ) ) | Case No. [ ] (__) |
| Debtors. | ) ) | Jointly Administered |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & B Partners Management LLC (1366); J & B Restaurant Partners of Long Island Holding Co., LLC (8712); J & B Restaurant Partners of NYDMA LLC (7161); J & B Restaurant Partners of Massapequa Park, LLC (5849); J & B Restaurant Partners of Middle Island, LLC (4746); J & B Restaurant Partners of Shirley, LLC (3799); J & B Restaurant Partners of Long Island, LLC (8717); J & B Restaurant Partners of Long Island II, LLC (9901); J & B Real Estate Partners of Long Island, LLC (4550); J & B Real Estate Partners of Long Island II, LLC (9904); J & B Restaurant Partners of NJ, LLC (4102).  The location of the Debtors' corporate headquarters and the Debtors' service address is:  4000 Veterans Memorial Hwy, 2nd Floor, Bohemia, New York, 11716.

5. The Debtors further request that the Court order that the foregoing caption shall satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

6. The Debtors also request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than J & B Partners Management, LLC, to reflect the joint administration of these chapter 11 cases that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of these chapter 11 cases of:  J & B Partners Management, LLC; J & B Restaurant Partners of Long Island Holding Co., LLC; J & B Restaurant Partners of NYDMA, LLC; J & B Restaurant Partners of Massapequa Park, LLC; J & B Restaurant Partners of Middle Island, LLC; J & B Restaurant Partners of Shirley, LLC; J & B Restaurant Partners of Long Island, LLC; J & B Restaurant Partners of Long Island II, LLC; J & B Real Estate Partners of Long Island, LLC; J & B Real Estate Partners of Long Island II, LLC; J & B Restaurant Partners of NJ, LLC.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. [ ] (___).

**Background**

7.    On the date hereof (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code to permit them to restructure their balance sheets and operations to restore profitability. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

8.    The facts and circumstances supporting this Motion are set forth in the Declaration of Dawn Petite, Chief Operating Officer, in Support of the Debtors' Chapter 11 Petitions and First Day Motions (the "First Day Declaration"), filed contemporaneously herewith. A detailed description of the Debtors' business, capital structure, and the events leading to these chapter 11 cases is fully set forth in the First Day Declaration and is incorporated herein by reference.

**Basis for Relief**

9.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015. The Debtors have "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10.    Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

11. Joint administration is generally non-controversial, and courts in this district and others routinely order joint administration in multiple related cases. *See, e.g., In re Lightsquared Inc.*, No. 12-12080 (SCC) (Bankr. S.D.N.Y. May 15, 2012); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); *In re Eastman Kodak Co.*, No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012); *In re Hostess Brands, Inc.*, 14-10557-mg Doc 9 Filed 03/10/14 Entered 03/10/14 12:39:16 Main Document Pg 11 of 26 12 KE 30056790 No. 12-22052 (RDD) (Bankr. S.D.N.Y. Jan. 12, 2012); *In re Sbarro, Inc.*, No. 11-11527 (SCC) (Bankr. S.D.N.Y. Apr. 5, 2011); *In re MSR Resort Golf Course LLC,* No. 11-10372 (SHL) (Bankr. S.D.N.Y. Feb. 2, 2011); *In re The Great Atl. & Pac. Tea Co.*, No. 10-24529 (RDD) (Bankr. S.D.N.Y. Dec. 13, 2010); *In re Innkeepers USA Trust*, No. 10-13800 (SCC) (Bankr. S.D.N.Y. July 20, 2010); *In re NR Liquidation III Co. (f/k/a Neff Corp.)*, No. 10-12610 (SCC) (Bankr. S.D.N.Y. May 17, 2010); *In re Neb. Book Co.*, No. 11-12005 (Bankr. D. Del. June 28, 2011); *In re L.A. Dodgers LLC*, No. 11-12010 (Bankr. D. Del. June 28, 2011); *In re Jackson Hewitt Tax Serv. Inc.*, No. 11-11587 (Bankr. D. Del. May 25, 2011); *In re Ambassadors Int'l, Inc.*, No. 11-11002 (Bankr. D. Del. Apr. 5, 2011); *In re Barnes Bay Dev. Ltd.*, No. 11-10792 (Bankr. D. Del. Mar. 21, 2011); In *re Summit Bus. Media Holding Co.*, No. 11-10231 (Bankr. D. Del. Jan. 28, 2011); *In re Ultimate Acquisition Partners, LP*, No. 11-10245 (Bankr. D. Del. Jan. 28, 2011); *In re Appleseed's Intermediate Holdings LLC*, No. 11-10160 (Bankr. D. Del. Jan. 20, 2011); *In re Constar Int'l Inc.*, No. 11-10109 (Bankr. D. Del. Jan. 13, 2011); *In re Local Insight Media Holdings, Inc.*, No. 10-13677 (Bankr. D. Del. Nov. 19, 2010); *In re Xerium Techs., Inc.*, No. 10-11031 (Bankr. D. Del. Mar. 31, 2010); *In

7

*re Spheris Inc.*, No. 10-10352 (Bankr. D. Del. Feb. 4, 2010); *In re The Majestic Star Casino*, No. 09-14136 (Bankr. D. Del. Nov. 23, 2009).[1]

12. As set forth in the First Day Declaration, the eleven (11) Debtor entities in these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect each and every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of New York and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the estates. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of its estates, its creditors, and all other parties in interest.

## Notice

14. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Southern District

---

[1] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

8

206090881 v2

of New York; (b) General Electric Capital Corporation, GE Capital Commercial of Utah LLC, GE Capital Bank, and their counsel; (c) Friendly's Franchising, LLC; (d) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; (e) the Internal Revenue Service; (f) all landlords of the Debtors; and (g) those parties who have formally filed a request for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and granting such other further relief as is just and proper.

Dated: January 6, 2015
      White Plains, New York

**SHACKELFORD MELTON McKINLEY & NORTON LLP**

*/s/Rakhee V. Patel*
Rakhee V. Patel, Pro Hac Vice Motion Pending
Frances A. Smith, Pro Hac Vice Motion Pending
3333 Lee Parkway, Tenth Floor
Dallas, TX 75219
Telephone:  214.780.1400
Facsimile:   214.780.1401
Email:  rpatel@shackelfordlaw.net
        fsmith@shackelfordlaw.net

*Proposed Counsel to the Debtors and Debtors-in-Possession*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Michael P. Cooley*
Sarah Link Schultz, Pro Hac Vice Motion Pending
Michael P. Cooley Bar No. MC-1214
1700 Pacific Avenue, Suite 4100
Dallas, TX  75201-4624
Telephone:    (214) 969-2800
Facsimile:     (214) 969-4343
Email:  sschultz@akingump.com
        mcooley@akingump.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

**Proposed Order**

15-22017-rdd    Doc 4    Filed 01/06/15    Entered 01/06/15 23:01:51    Main Document
Pg 11 of 17

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| J & B PARTNERS MANAGEMENT, LLC, | ) | Case No. [  ] (___) |
| Debtor. | ) | |
| Tax I.D. No. 90-0911366 | ) | |
| In re: | ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF LONG ISLAND HOLDING CO., LLC, | ) | Case No. [  ] (__) |
| Debtor. | ) | |
| Tax I.D. No. 11-3568712 | ) | |
| In re: | ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF NYDMA, LLC, | ) | Case No. [  ] (__) |
| Debtor. | ) | |
| Tax I.D. No. 45-2107161 | ) | |
| In re: | ) | Chapter 11 |
| J & B RESTAURANT PARTNERS OF MASSAPEQUA PARK, LLC, | ) | Case No. [  ] (__) |
| Debtor. | ) | |
| Tax I.D. No. 73-1695849 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| J & B RESTAURANT PARTNERS OF MIDDLE ISLAND, LLC, | Case No. [  ] (__) |
| Debtor. | |
| Tax I.D. No. 01-0754746 | |

| | |
|---|---|
| In re: | Chapter 11 |
| J & B RESTAURANT PARTNERS OF SHIRLEY, LLC, | Case No. [  ] (__) |
| Debtor. | |
| Tax I.D. No. 20-0953799 | |

| | |
|---|---|
| In re: | Chapter 11 |
| J & B RESTAURANT PARTNERS OF LONG ISLAND, LLC, | Case No. [  ] (__) |
| Debtor. | |
| Tax I.D. No. 11-3568717 | |

| | |
|---|---|
| In re: | Chapter 11 |
| J & B RESTAURANT PARTNERS OF LONG ISLAND II, LLC, | Case No. [  ] (__) |
| Debtor. | |
| Tax I.D. No. 11-3579901 | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B REAL ESTATE PARTNERS OF LONG ISLAND, LLC, | ) | Case No. [  ] (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-3574550 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B REAL ESTATE PARTNERS OF LONG ISLAND II, LLC, | ) | Case No. [  ] (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 11-3579904 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B RESTAURANT PARTNERS OF NJ, LLC, | ) | Case No. [  ] (__) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-2034102 | ) | |

**ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") directing the joint administration of the Debtors' related chapter 11 cases, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

206090881 v2

pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. [ ].

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J & B PARTNERS MANAGEMENT, LLC, *et al.*,[1] | ) | Case No. [ ] (__) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: J & B Partners Management LLC (1366); J & B Restaurant Partners of Long Island Holding Co., LLC (8712); J & B Restaurant Partners of NYDMA LLC (7161); J & B Restaurant Partners of Massapequa Park, LLC (5849); J & B Restaurant Partners of Middle Island, LLC (4746); J & B Restaurant Partners of Shirley, LLC (3799); J & B Restaurant Partners of Long Island, LLC (8717); J & B Restaurant Partners of Long Island II, LLC (9901); J & B Real Estate Partners of Long Island, LLC (4550); J & B Real Estate Partners of Long Island II, LLC (9904); J & B Restaurant Partners of NJ, LLC (4102). The location of the Debtors' corporate headquarters and the Debtors' service address is: 4000 Veterans Memorial Hwy, 2nd Floor, Bohemia, New York, 11716.

4

The foregoing caption shall satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

4. An entry shall be made on the docket of each of the Debtors' cases, other than that of J & B Partners Management, LLC, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of these chapter 11 cases of: J & B Partners Management, LLC; J & B Restaurant Partners of Long Island Holding Co., LLC; J & B Restaurant Partners of NYDMA, LLC; J & B Restaurant Partners of Massapequa Park, LLC; J & B Restaurant Partners of Middle Island, LLC; J & B Restaurant Partners of Shirley, LLC; J & B Restaurant Partners of Long Island, LLC; J & B Restaurant Partners of Long Island II, LLC; J & B Real Estate Partners of Long Island, LLC; J & B Real Estate Partners of Long Island II, LLC; J & B Restaurant Partners of NJ, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. [  ] (___).

5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of New York shall keep, one consolidated docket, one file, and one consolidated service list.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Dated: _____, 2015
      White Plains, New York

5

206090881 v2

_____
United States Bankruptcy Judge